# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| AZUREDEE CHAMBERS,<br><br>Plaintiff,<br><br>v.<br><br>ANGEL REID,<br><br>Defendant. | Civil Action No. TDC-19-0137 |

## MEMORANDUM ORDER

Plaintiff Azuredee Chambers, who is self-represented, has filed this action against Angel Reid, a federal government employee, seeking an order restraining Reid from threatening her, contacting her, or harassing her. Pending before the Court is the Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion shall be granted in part and denied in part.

## BACKGROUND

Chambers and Reid are employees of the United States Postal Service ("USPS") and work at the United States Post Office in Germantown, Maryland. At the time of the relevant events, Reid was Chambers's supervisor. Although Chambers has since been reassigned and no longer reports to Reid, they continue to work in the same building.

Chambers and Reid have a had a contentious relationship since at least December 2017, when Chambers alleges that Reid began threatening her with violence and termination. In April 2018, Chambers filed an equal employment opportunity ("EEO") complaint alleging that Reid

discriminated against her based on race and gender and retaliated against her. Most recently, Chambers alleges that on January 7, 2019, while at work at the Post Office in Germantown, Reid walked past her and said, "I'm still going to fuck you up." Pet'n 5, ECF No. 1-1.

After that encounter, on January 8, 2019, Chambers filed a Petition for Peace Order in the District Court of Maryland for Montgomery County ("the Montgomery County Court"). The Petition asks that Reid be ordered not to commit or threaten to commit any acts of physical violence against Chambers and not to contact, attempt to contact, or harass Chambers. On January 8, 2019, the Montgomery County Court entered an *ex parte* temporary peace order barring Reid from: (1) committing or threatening to commit certain acts of violence against Chambers; (2) contacting Chambers by any means; (3) entering Chambers's residence; or (4) entering the vicinity of Chambers's place of work, which is listed as "Puma Clarksburg Premium Outlets" in Boyds, Maryland. Temp. Peace Order 1, ECF No. 1-1. A final peace order hearing was set for January 15, 2019.

On January 14, 2019, the United States of America ("the Government"), acting on Reid's behalf, removed the Petition to this Court pursuant to 28 U.S.C. § 1442(a). *See, e.g., Hendy v. Bello*, 555 F. App'x 224, 225-26 (4th Cir. 2014) (upholding the removal of a petition for a peace order by a postal worker against her supervisor arising from a workplace fracas). The Government attended the final peace order hearing on January 15, 2019 and submitted its Notice of Removal to advise the Montgomery County Court that the matter had been removed to this Court. The Montgomery County Court accepted the Notice of Removal for filing and stated that it would stay the state court action, but it then issued a second temporary peace order extending the first peace order for another week and setting a final peace order hearing for January 23, 2019. On January

23, 2019, the second temporary order expired and the petition was dismissed because the case had been removed to this Court.

## DISCUSSION

The Government, on behalf of the USPS and Reid, is seeking dismissal of Reid's Petition pursuant to Federal Rule of Civil Procedure 12(b)(1). The Government contends that this Court does not have subject matter jurisdiction over the action because sovereign immunity has not been waived. The Government also seeks an order vacating the now-dismissed second temporary peace order because it was entered on January 15, 2019, after the matter had been removed to this Court.

### I.     Legal Standard

It is the plaintiff's burden to show that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co., Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). Rule 12(b)(1) allows a defendant to move for dismissal when it believes that the plaintiff has failed to make that showing. When a defendant asserts that the plaintiff has failed to allege facts sufficient to establish subject matter jurisdiction, the allegations in the complaint are assumed to be true under the same standard as in a Rule 12(b)(6) motion, and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When a defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *Kerns*, 585 F.3d at 192. The court should grant a Rule 12(b)(1) motion based on a factual challenge to subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647

3

(quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

**II.   Sovereign Immunity**

The Government argues that the case must be dismissed on sovereign immunity grounds because in seeking an order that would require that Reid have no contact with her in response to Reid's conduct in a federal workplace, Chambers is attempting to use the state court system to regulate a federal workplace. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *accord Hendy*, 555 F. App'x at 226 (citing *United States v. McLemore*, 45 U.S. 286, 288 (1846)). Moreover, "officers acting within their authority generally . . . receive sovereign immunity" because an action against a government official for using the authority of a government office is actually a "suit against the official's office." *Id.* (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Here, Chambers has not established that this action should be treated as one against Reid as an individual as opposed to one against the United States. Indeed, Chambers has not provided any allegations regarding misconduct outside the workplace or outside the supervisor-employee relationship. The Court therefore construes this suit as against the United States.

As a suit against the United States, Chambers's Petition must be dismissed unless she can show that there has been an express waiver of sovereign immunity. Chambers has failed to show that any such waiver exists. For example, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–80 (2012), waives immunity for suits seeking monetary damages, but does not waive immunity for injunctive relief such as restraining orders. 28 U.S.C. § 1346(b)(1); *Hendy*, 555 F. App'x at 226. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 (2012), waives sovereign immunity for employment discrimination "suits brought by federal employees

against the United States," but only for actions that are filed in federal court after having been administratively exhausted. *Bullock v. Napolitano*, 666 F.3d 281, 284 (4th Cir. 2012); 42 U.S.C. § 2000e-16(c) (describing the administrative exhaustion requirement). Neither statute applies here.

Federal courts regularly dismiss removed state court petitions for restraining orders or peace orders filed by federal employees when such petitions are based on alleged misconduct in the workplace and seek to restrain the conduct of a co-worker at a federal office. In *Hendy*, for example, the United States Court of Appeals for the Fourth Circuit dismissed on sovereign immunity grounds a petition for a peace order filed in a Maryland state court by a postal worker who sought to restrain her supervisor from contacting her or going to their workplace. 555 F. App'x at 225, 227. The Court found that Congress had not waived sovereign immunity in such circumstances because "prohibiting a federal employee from entering her federal workplace" would interfere with the "performance of a federal employee's duties" and "disturb the federal agency's internal functions." *Id.* at 266–27.

Judges within this District have likewise dismissed Maryland petitions for peace orders on the same basis. *See, e.g.*, *Perkins v. Dennis*, No. TDC-16-2865, 2017 WL 1194180, *2 (D. Md. Mar. 30, 2017); *Sidler v. Snowden*, No. AW-13-658, 2013 WL 1759579, at *2 (D. Md. Aug. 23, 2013) (dismissing a petition for a peace order by a civilian employee of the United States Air Force that would have barred his co-worker from contacting him at Andrews Air Force Base); *Richards v. Wallace*, No. WDQ-09-2188, 2009 WL 4884524, at *2–3 (D. Md. Dec. 10, 2009) (dismissing a petition for a peace order by a Social Security Administration employee that would have barred her supervisor from contacting her). Thus, to the extent the Petition seeks to restrain Reid from

5

contacting Chambers at the Germantown Post Office based on workplace conduct, it is dismissed on sovereign immunity grounds.

This partial dismissal does not in any way condone Reid's alleged mistreatment of Chambers. To the extent that Chambers seeks relief from such misconduct, however, her remedy lies with the federal EEO process that she has already initiated through the filing of a complaint that is now before the U.S. Equal Employment Opportunity Commission.

### III. Remand

Although the Petition does not state that Chambers seeks an order that Reid stay away from any specific locations, the temporary peace order prohibits Reid from going to Chambers's home and what appears to be Chambers's second place of employment with a private company. The Petition does not explicitly allege that Reid has attempted to contact, stalk, or harass Chambers outside of the workplace. Nevertheless, to the extent that the Petition can be construed as seeking to address conduct outside the workplace, including any request that Reid not visit Chambers's residence or secondary place of employment in the private sector, such claims would not reasonably be construed as claims against Reid in her capacity as a federal employee and thus would not implicate sovereign immunity. The Court will therefore remand any such remaining claims to the state court, as anticipated by the Government. *See Haynie v. Bredenkamp*, No. 4:16-cv-773 (CEJ), 2016 WL 3653957, at *1 (E.D. Mo. July 8, 2016).

### IV. Post-Removal State Court Order

Finally, the Government asks the Court to vacate the second temporary peace order issued by the Montgomery County Court on January 15, 2019 after the Government had already removed the matter to this Court and provided notice to the Montgomery County Court that it had done so. The Government correctly notes that the filing of a notice of removal in a state court terminates

the state court's jurisdiction. 28 U.S.C. § 1446(d). However, as a matter of law, "any post-removal actions taken by the state court in the removed case are void *ab initio*." *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 249-50 (4th Cir. 2013). Thus, the second temporary peace order never had any legal effect. *See id.*; *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 880 (1st Cir. 1983) (noting that "any action taken by the Puerto Rico court after removal was effected was a nullity anyway, with or without the order against further proceedings"). Moreover, the order expired on January 23, 2019 by its own terms and when, on the same day, the Montgomery County Court dismissed the Petition in light of its removal to this Court. Accordingly, the request to vacate the second temporary peace order will be denied as moot.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Government's Motion to Dismiss, ECF No. 11, is GRANTED IN PART and DENIED IN PART. The Motion is granted as to Chambers's request for injunctive relief prohibiting Reid from contacting Chambers at work. It is denied as to any claims regarding contact outside the workplace.

2. The Government's request to vacate the second temporary peace order is DENIED AS MOOT.

3. The Clerk shall REMAND any claims regarding contact outside the workplace to the District Court of Maryland for Montgomery County and CLOSE this case.

Date: May 6, 2019

THEODORE D. CHUANG
United States District Judge

7